IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-15-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> ADRIAN DARNELLE CAMP, ) <br> ) <br> Defendant. ) <br> _____) | ORDER |

This matter came before the Court on October 25, 2023 for an inquiry into the status of counsel, at the request of defense counsel Douglas Pearson. The Government was represented by Assistant United States Attorney John Pritchard. Defendant appeared with Mr. Pearson. At the conclusion of the hearing, the undersigned took the matter under advisement. This Order now follows.

I. Relevant Procedural Background

On February 8, 2023, a Bill of Indictment was filed charging Defendant with possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), possessing a firearm after having been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 1.

1

Defendant made an initial appearance on February 27, 2023, at which time he requested that counsel be appointed for him. His request was allowed and Assistant Federal Public Defender Mary Ellen Coleman was assigned to represent Defendant. Defendant was also arraigned. His trial was initially scheduled for March 6, 2023 though was continued to May 1, 2023.

On March 2, 2023, Ms. Coleman moved to withdraw due to a conflict of interest. Doc. 12. Her request was granted the following day, and, on March 8, 2023, Frank Webster was assigned to represent Defendant.

At Defendant's request, trial was continued to June 26, 2023. Docs. 15, 16.

On June 6, 2023, Mr. Webster moved to withdraw for medical reasons and also requested a continuance of the trial setting. Docs. 18, 19. These motions were granted and Mr. Webster was allowed to withdraw and trial was continued to August 28, 2023.

On June 21, 2023, Mr. Pearson was assigned to represent Defendant.

On August 14, 2023, Defendant moved to continue the trial. Doc. 21.

On August 18, 2023, the Count granted the motion and continued Defendant's trial to November 6, 2023. Doc. 22.

On October 18, 2023, Mr. Pearson moved for an inquiry into the status of counsel, stating that he believed "there may have been a breakdown in

2

communication" between counsel and Defendant. Doc. 24 at ¶7. His request was granted the same day and a hearing was scheduled for October 25, 2023.

## II. The Proceedings on October 25, 2023

After the case was called, Mr. Pearson requested that the Court hear from Defendant in a closed setting. Without objection by the Government, that request was allowed and the courtroom was closed and the record was sealed.[1]

The Court then heard from Mr. Pearson, who made an oral motion to withdraw as counsel. The Court also heard from Defendant, who confirmed he wishes to continue to be represented by counsel (other than Mr. Pearson).

The courtroom and the record were then unsealed.

## III. Legal Standard

In evaluating Mr. Pearson's Motion to Withdraw and the status of counsel in this matter, the undersigned has considered the following factors: 1) the timeliness of Mr. Pearson's Motion and Defendant's request for new counsel; 2) the reasons given as to why counsel's representation of Defendant should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication

---

[1] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 3:18-CR-162-RJC-DSC-1, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

## IV. Discussion

The Motion to Withdraw and Defendant's request for a change of counsel comes somewhat late in this case. As noted, Mr. Pearson's representation of Defendant began on June 21, 2023 and trial is currently scheduled for the November 6, 2023 term. However, from the information provided during the hearing, it appears that Mr. Pearson submitted his request for an inquiry into the status of counsel approximately three or four days after major disputes arose between himself and Defendant.

The disagreements themselves center on the extent and depth of the communications that have taken place between Defendant and counsel, and their ability to interact cooperatively and to make necessary decisions as this matter progresses.

Defendant stated generally that their professional relationship has broken down to the point that it has become irreparable. Mr. Pearson's

description was a bit more equivocal, but he acknowledged that rebuilding the relationship would be difficult.

The Government did not take a specific position with regard to the issues concerning counsel but did note, fairly, that while Mr. Pearson is the third attorney to have represented Defendant in this matter, Defendant's prior attorneys were not allowed to withdraw because of discord between them and Defendant. Similarly, it is not immediately apparent that a substitution of counsel would not sufficiently address the issues raised by Defendant and Mr. Pearson.

Under the circumstances presented, including as described during the hearing and otherwise as reflected in the record, the undersigned finds that a change of counsel is warranted.

**IT IS THEREFORE ORDERED THAT:**

1. Mr. Pearson's oral Motion to Withdraw is **GRANTED** and Mr. Pearson is **WITHDRAWN** as counsel of record for Defendant.
2. The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

W. Carleton Metcalf
United States Magistrate Judge