# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:23-cr-00015-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **ADRIAN DARNELLE CAMP,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Suppress [Doc. 32] and the Magistrate Judge's Memorandum and Recommendation [Doc. 46] regarding the disposition of that motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Suppress.

On April 24, 2024, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Suppress [Doc. 32] be granted in part and denied in part. [Doc. 46 at 26]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

Following a request for an extension, the Defendant timely filed Objections on May 29, 2024. [Doc. 48]. In his Objections, the Defendant contends that some of the factual findings of the Magistrate Judge are inconsistent with the evidentiary record. [Id. at 5-7]. The Defendant also argues that he did not consent to the law enforcement officer opening his car door. [Id. at 7].

The Defendant first argues that there was no legal basis for the initial traffic stop because the Government did not sufficiently prove that his tag lights were not working and because there was evidence presented that the officers were looking for the Defendant's car and were going to stop him "no matter what." [Id. at 5-6]. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Any ulterior motive a police officer may have for making the traffic stop is irrelevant." United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011), as amended (Aug. 2, 2011) (citing Whren v. United States, 517 U.S. 806, 810-13 (1996)).

Here, the Magistrate Judge noted that the "Government's showing on this point could have been more robust," but, given the testimony of the arresting officer under oath that the Defendant's tag lights were not working, the Magistrate Judge found a sufficient showing of evidence to support this

fact. [Doc. 46 at 4]. Furthermore, the officer's testimony establishes that he indeed had probable cause to stop the Defendant's vehicle at the time of said stop, therefore, the fact that he might have had other motives in doing so is irrelevant. Digiovanni, 650 F.3d at 506

The Defendant also argues that when asked if the officer could open the door, he clearly said, "No," and therefore the officer did not have consent. [Doc. 48 at 8]. "Consent may be inferred from actions as well as words." United States v. Hylton, 349 F.3d 781, 786 (4th Cir. 2003). "As long as 'the facts available to the officer at the moment warrant a person of reasonable caution in the belief that the consenting party had authority,' apparent authority to consent exists, and evidence seized or searched pursuant to that consent need not be suppressed." United States v. Buckner, 473 F.3d 551, 555 (4th Cir. 2007) (quoting Illinois v. Rodriguez, 497 U.S. 177, 188 (1990)) (cleaned up).

Here, while the Magistrate Judge found the bodycam footage to be unclear on this point, the arresting officer testified under oath that he believed the Defendant said, "Open it," and that the Defendant did not object or seem surprised when he proceeded to open the door. [Doc. 46 at 7]. This is sufficient evidence for the Magistrate Judge to find, as he did, that the officer had implied consent to open the vehicle door.

The Defendant further argues that his behavior immediately following the officer opening the car door cannot be construed as consent. [Doc. 48 at 9]. In so arguing, the Defendant relies on Schneckloth v. Bustamonte, where the Supreme Court held that the determination of whether consent to search is voluntary is a question of fact to be determined from the "totality of the circumstances." [Id. (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973))]. The Defendant argues that, because of the circumstances of the traffic stop and subsequent search, any reasonable person would not feel they could safely object. Therefore, he argues, his consent was not voluntary.

The Defendant, however, has not presented any evidence that supports this theory. Indeed, the Magistrate Judge found the arresting officer credible in his testimony that he believed the Defendant to be giving his consent to open the car door, and nothing in the bodycam footage suggests that the officer was impliedly threatening or otherwise improperly coercing the Defendant to give his consent. [See Doc. 46 at 7]; see also United States v. Pentecost, No. 22-4047, 2022 WL 17716899 (4th Cir. Dec. 15, 2022) (finding implied and voluntary consent where "[the defendant] did not protest or attempt to move away at any point but rather lifted his arms and turned his body to facilitate the pat-down" and the officer "used a calm and friendly

4

tone and did not brandish his weapon or otherwise threaten or attempt to intimidate [the defendant]"). Given this evidence, the undersigned will not disturb the Magistrate Judge's finding that the officer had consent to open the car door.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Defendant's objections thereto, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's objections and accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 48] are **OVERRULED,** and the Memorandum and Recommendation [Doc. 46] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress Evidence [Doc. 32] is **GRANTED IN PART**, and that any incriminating statements made by the Defendant after his custodial arrest and that the Government intends to use against the Defendant be suppressed. In all other respects, the Defendant's Motion to Suppress Evidence [Doc. 32] is **DENIED.**

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge

5
Case 1:23-cr-00015-MR-WCM   Document 51   Filed 07/01/24   Page 5 of 5